UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CANDICE B. DECKER,
Personal Representative of the
Estate of DAVID DECKER,

                Plaintiff,

v.                                                     Case Number 12-CV-11848
                                                     Honorable Thomas L. Ludington

BROOKSTONE INVESTMENTS, LLC,

                Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

On April 25, 2012, Plaintiff Candice Decker filed suit against Defendant Brookstone Investments, LLC, a Michigan limited liability company. Plaintiff alleges that Defendant breached its obligations under a stock purchase agreement the parties executed in February 2004. The agreement provides that Plaintiff will sell 525,000 shares of common stock of Gastar Exploration, Ltd., in exchange for $1.5 million paid in monthly installments. Plaintiff alleges that the stock was transferred, but that $412,500 of the purchase price has not been paid.

A copy of the agreement is attached to the complaint; it reflects that Defendant is located at 2480 W. Campus Drive, Building C, in Mount Pleasant, Michigan. When a deputy sheriff attempted to serve the summons and complaint at that address, she found that none of the offices were occupied by the Defendant. Moving for leave to pursue alternative service, Plaintiff represents that she "has attempted but has been unable to otherwise discover the current location of Defendant or Defendant's registered agent. Plaintiff does, however, possess what she believes to be an accurate and active email address for [Defendant's registered agent]." Pl.'s Mot. for Alternative Service ¶¶ 5–6, ECF No. 3. Plaintiff requests leave of court to email a copy of the

summons and complaint to Defendant's registered agent, mail a copy to Defendant's last known address, and post copies in this Court and in two other public locations.

Federal Rule of Civil Procedure 4 provides that limited liability companies may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see id*. 4(h)(1)(A) (providing that "a domestic or foreign corporation, or a partnership or other unincorporated association" may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual").

"On a showing that service of process cannot reasonably be made," Michigan Court Rule 2.105(I)(1) provides, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Public posting combined with mailing to the last known address, Plaintiff correctly observes, are alternative methods of serving a summons in Michigan. Pl.'s Mot. ¶ 10 (citing Mich. Court R. 2.106). Likewise, Plaintiff correctly observes that courts have authorized a wide variety of alternative methods of service, including email. *Id*. (citing *Rio Props. V. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (collecting cases)). Under the circumstances, the Court concludes that Plaintiff's proposed service is reasonably calculated to give the defendant actual notice of the proceedings.

Accordingly, it is **ORDERED** that Plaintiff's motion for alternative service (ECF No. 3) is **GRANTED**.

It is further **ORDERED** that Plaintiff, within seven days of this order, shall post copies of this order, the summons, and the complaint in this Court and two other public places for three consecutive weeks.

It is further **ORDERED** that Plaintiff shall mail a copy of this order, the summons, and the complaint to Defendant at its last known address within seven days of this order.

It is further **ORDERED** that Plaintiff shall send via email electronic copies of this order, the summons, and the complaint to Defendant's resident agent, Thom Robinson, at thomrmtp@yahoo.com, within seven days of this order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 21, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---